# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-CV-560-RJC-DCK

| | |
|---|---|
| MYRON ANDERSON and BRENDA WEAVER, on behalf of themselves and all others similarly situated, ) ) ) | |
| Plaintiffs, ) ) | **MEMORANDUM AND RECOMMENDATION** |
| v. ) ) ) | |
| ELECTROLUX HOME PRODUCTS, INC., ) ) | |
| Defendant. ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Under Rule 12(b)(6)" (Document No. 20) and Defendant's "Motion To Stay Under The 'First-To-File' Rule" (Document No. 29). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that "Defendant's Motion To Dismiss..." be <u>denied without prejudice</u> and that the "Motion To Stay..." be <u>granted</u>.

## I. BACKGROUND

Myron Anderson and Brenda Weaver ("Plaintiffs") brought this class action on behalf of themselves and on behalf of a putative nationwide class and two putative sub-classes. (Document No. 1, p. 39). Plaintiffs assert a nationwide class of all residents of the United States and its territories who purchased or otherwise acquired a new Electrolux Home Products, Inc. ("Electrolux" or "Defendant") range cooktop, including those sold under the Electrolux, AEG, Frigidaire, and Kenmore brand names (the "Ranges"), primarily for household use and not for

resale.¹  (Document No. 1).  Plaintiffs also assert a sub-class of all residents of North Carolina who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale, and Plaintiffs assert a sub-class of all residents of Indiana who purchased a new Range or otherwise acquired a Range primarily for household use and not for resale.  Id. at 39.  According to Plaintiffs' "Class Action Complaint" (the "Complaint") (Document No. 1), Defendant is "in the business of manufacturing, producing, distributing, and selling consumer appliances, including Ranges, to customers throughout the United States."  (Document No. 1, p. 4).

Plaintiffs' claims against Defendant center around an alleged defect (the "Defect") relating to "burner control knobs" on Range stovetops "distribut[ed], market[ed], promot[ed], and s[old]" by Defendant.  (Document No. 1, pp. 1, 4).  Plaintiffs allege that "because of the Defect, each knob actuates the Ranges through a single smooth motion—a push motion with a twist—requiring minimal depressive force."  Id. at 8.  Plaintiffs further allege that the Defect causes "the knobs [to be] susceptible to unintentional actuation, rendering the Ranges dangerously defective."  Id.

Plaintiffs' lawsuit here is the third such putative class-action complaint brought by the same attorneys, based on the same alleged defect in the same Ranges, on behalf of completely overlapping putative classes.²  The first-filed and substantially similar class-action matter, Parker v. Electrolux Home Prods., Case No. 1:22-CV-01177-PLM-SJB, was filed in Michigan on December 9, 2022, nearly nine (9) months before the filing of the present action in this Court. (Document No. 30-1, p. 12).  Defendant moves to stay this action in favor of Parker, pursuant to

---

¹ Plaintiffs do not assert claims on behalf of residents of Michigan or Illinois who purchased Ranges.

² The Court notes the class actions filed in Parker v. Electrolux Home Prods., No. 1:22-CV-01177-PLM-SJB (W.D. Mich.) ("Parker"), currently pending before the Honorable Paul L. Maloney in the U.S. District Court for the Western District of Michigan and Njaastad v. Electrolux Home Prods., Inc., No. 1:23-CV-03291 (N.D. Ill.) ("Njaastad"), currently pending before the Honorable Steven C. Seeger of the Northern District of Illinois.

the "first-to-file" rule. See Farina v. Mazda Motor of Am., Inc., No. 3:23-CV-050-MOC-SCR, 2023 WL 4241675, at *1 (W.D.N.C. June 28, 2023).

### A. The first-filed Parker action

The plaintiff in Parker filed an "Amended Class Action Complaint" (the "Parker Amended Complaint") (Document No. 30-4) on March 17, 2023, against Electrolux on behalf of herself, and on behalf of: (1) a putative nationwide class of "[a]ll residents of the United States and its territories who purchased a new Range or otherwise acquired a Range, primarily for household use and not for resale"; and (2) a putative Michigan sub-class of "[a]ll residents of Michigan who purchased a new Range or otherwise acquired a Range primarily for household use and not for resale." Id. Electrolux filed a motion to dismiss the Parker Amended Complaint on August 4, 2023. (Document No. 30-1, p. 6-7). Electrolux's motion to dismiss the Parker Amended Complaint has been fully briefed since September 15, 2023, and to date, is still pending. Id.

The Parker Amended Complaint alleges various causes of action arising out of an alleged defect (the "Defect"), and claims of "latent defects . . . of [Electrolux's] front-mounted burner control knobs that make the Ranges susceptible to unintentional actuation." (Document No. 30-4, p. 2). Plaintiff Parker claims that: (1) Electrolux violated the Magnuson-Moss Warranty Act ("MMWA") because "[a]t the time of sale of each of the Ranges, Electrolux knew, should have known, or was reckless in not knowing of its misrepresentations and omissions concerning the Ranges' Defect and inability to perform as warranted . . ."; (2) Electrolux is liable for fraud by omission because it "concealed, suppressed, and [failed to] disclose[]" certain facts, which "are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Ranges or pay a lesser price"; (3) Electrolux is liable for breach of express

warranty; (4) Electrolux is liable for breach of the implied warranty of merchantability; and (5) Electrolux is liable for unjust enrichment. (Document No 30-4).

The Parker Amended Complaint also includes a Michigan state consumer protection claim under the Michigan Consumer Protection Act (MCPA). Id. These claims are based on plaintiff Parker's allegation that "[w]hen the knobs on the Ranges are accidentally and inadvertently contacted, the Ranges actuate without warning and cause the ignition of gas Range burners and heating of electric Range cooktops, unbeknownst to the consumer." Id. at 2.

### B. The second-filed Njaastad action

On May 24, 2023, Donna Njaastad, represented by the same attorneys as the plaintiff in Parker, filed a class action lawsuit in the Northern District of Illinois against Electrolux on behalf of herself, and on behalf of: (1) a putative nationwide class of "[a]ll residents of the United States and its territories who purchased a new Range or otherwise acquired a Range . . . except for those who purchased their Range in Michigan, North Carolina, or Ohio;" and (2) a putative Illinois sub-class of "[a]ll residents of Illinois who purchased a new Range or otherwise acquired a Range . . .". (Document No. 30-5). On August 8, 2023, plaintiff Njaastad filed an "Amended Class Action Complaint" ("Njaastad Amended Complaint"). On August 8, 2023, Electrolux moved to stay Njaastad in light of Parker, and on October 9, 2023, Electrolux moved to dismiss the Njaastad Amended Complaint. (Document No. 30-2, p. 9-10). On January 9, 2024, the Njaastad court granted Electrolux's motion to stay in light of Parker and denied Electrolux's motion to dismiss without prejudice. (Document No. 30-3).

The Njaastad Amended Complaint alleges nearly identical causes of action as Parker, arising out of the same alleged Defect as the Parker Amended Complaint, and claims that "dangerous latent defects . . . of [Electrolux's] front-mounted burner control knobs . . . make the

4

Ranges susceptible to unintentional actuation." (Document No. 30-5, p. 2). Plaintiff Njaastad also brings an Illinois state consumer protection claim under the Illinois Consumer Fraud and Deceptive Business Practices Act. Id. These claims are based on plaintiff Njaastad's allegation that "[w]hen the knobs on the Ranges are accidentally and inadvertently contacted, the Ranges actuate without warning and cause the ignition of gas Range burners and heating of electric Range cooktops unbeknownst to the consumer." Id. at 2.

### C. The third-filed Anderson action

On August 31, 2023, Plaintiffs Myron Anderson and Brenda Weaver, represented by the same attorneys as plaintiffs Parker and Njaastad, filed a class action against Electrolux in this Court. See (Document No. 1). Plaintiffs' "Class Action Complaint" (the "Complaint") (Document No. 1) asserts several causes of action against Electrolux, on behalf of the individual plaintiffs, and on behalf of: (1) a nationwide class of "[a]ll residents of the United States and its territories who purchased a new Range or otherwise acquired a Range . . . except for those who purchased their Range in Michigan or Illinois;" (2) a North Carolina sub-class of "[a]ll residents of North Carolina who purchased a new Range or otherwise acquired a Range . . .";  and (3) and an Indiana sub-class of "[a]ll residents of Indiana who purchased a new Range or otherwise acquired a Range . . . ." (Document No. 1, p. 39).

The Complaint alleges nearly identical causes of action as the Parker Amended Complaint and the Njaastad Amended Complaint, arising out of the same alleged Defect and claims that "dangerous latent defects . . . of [Electrolux's] front-mounted burner control knobs . . . make the Ranges susceptible to unintentional actuation." (Document No. 1, p. 1). Plaintiffs in this case bring claims under the MMWA and claims for fraud by omission, breach of express and implied warranty, and unjust enrichment. (Document No. 1). Plaintiffs here also bring state consumer

protection claims under the North Carolina Unfair and Deceptive Trade Practices Act and the Indiana Deceptive Consumer Sales Act, respectively. Id.

The facts underlying the Complaint before this Court and in the Parker Amended Complaint are virtually identical, but there are two significant differences. First, the Parker Amended Complaint alleges a putative nationwide class, with no exempted states and also alleges a Michigan sub-class. (Document No. 30-4, p. 26). The Complaint here, by contrast, alleges a putative nationwide class, exempting Michigan and Illinois, and also alleges a North Carolina sub-class and an Indiana sub-class. (Document No. 1, p. 39). Second, while most claims are duplicative, the Parker Amended Complaint alleges a violation of a Michigan state consumer protection statute, while the Complaint here alleges violations of North Carolina and Indiana state consumer protection statutes. (Document No. 30-4, pp. 33-35); (Document No. 1, pp. 45-46, 52-53).

In this case, Electrolux filed its pending " ...Motion To Dismiss..." (Document No. 20) on October 31, 2023. Plaintiffs filed their "Opposition To Defendant's Motion To Dismiss" (Document No. 27) on December 20, 2023, and "Electrolux Home Products, Inc.'s Reply In Further Support Of Its Motion To Dismiss" (Document No. 28) was filed on January 22, 2024.

Electrolux also filed a "Motion To Stay Under The First-To-File Rule" (Document No. 29) on February 9, 2024. Plaintiffs filed their "Opposition To Defendant's Motion To Stay Under The 'First-To-File' Rule" (Document No 31) on February 23, 2024; and Defendant's "Reply In Support Of Motion To Stay Under The 'First-To-File' Rule" (Document No. 32) was filed on March 1, 2024.

The pending motions are ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  DISCUSSION

### A.  Motion to Stay

In its " ...Motion To Stay...," Defendant argues that this action should be stayed in favor of the litigation pending in the Parker case.  (Document No. 29).  Defendant contends that this case falls within the purview of the "first-to-file" rule because it satisfies the Fourth Circuit's three factors:  (1) the chronology of the filings;  (2) the similarity of the parties;  and (3) the similarity of the issues at stake.  (Document No. 29-1, p. 6) (citing Farina, 2023 WL 4241675, at *4).  Defendant further argues that neither of the "two exceptions" to the first-to-file rule, "special circumstances" or the "balance of convenience," apply in this case.  Id. at 9 (citing Nutrition & Fitness Inc. v. Blue Stuff, Inc., No. 3:02-CV-237-GCM, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003) (considering the "special circumstances" exception) and Cree, Inc. v. Watchfire Signs, LLC, 2020 WL 7043868, at *5 (M.D.N.C. Dec. 1, 2020) (considering the "balance of convenience" exception)).

First, Defendant argues that the chronology factor is satisfied because "Parker was filed in the Western District of Michigan about nine (9) months before Plaintiffs Anderson and Weaver filed this case."  (Document No. 29-1, p. 6).  Second, Defendant contends that the similarity of the parties factor is satisfied because "[t]he defendant in both actions is the same" and "the plaintiffs are substantially similar."  Id. at 6-7.  Defendant contends that "in a class action, the classes, and not the class representatives are compared."  Id. at 7 (citing Farina, 2023 WL 4241675, at *5) (internal quotation marks omitted).  Defendant further notes that here, "Plaintiffs Anderson and Weaver seek to represent a nationwide class, and two subclasses that are entirely subsumed by the putative class in Parker."  Id. at 7.  Third, Defendant argues that the similarity of the issues factor is satisfied here because "[t]his factor . . . does not require total identicality;  rather, 'substantial

7

Case 3:23-cv-00560-RJC-DCK    Document 33    Filed 08/30/24    Page 7 of 15

similarity' is enough, with courts looking to the underlying facts that give rise to the claims and consistently holding that the presence of additional but related state-law claims does not defeat application of the first-to-file rule." Id. (quoting Farina, 2023 WL 4241675, at *5). Defendant contends that "[o]ther than the handful of paragraphs specific to each named plaintiff, the alleged facts underlying this case and Parker are identical" because

> Plaintiffs allege that they purchased the same Electrolux ranges as those at issue in Parker; that those ranges had the same Electrolux one-year materials-and-workmanship warranty; that those ranges are defective because they can be actuated "through a single smooth motion—a push with a twist" rather than "two separate and distinct purposeful actions"; and that Electrolux allegedly knew of that "defect" but sold them the ranges nonetheless.

(Document No. 29-1, p. 8).

Defendant also argues that no exception to the first-to-file rule applies in this case. (Document No. 29-1, p. 10). Defendant contends that because this action was filed by the same lawyers nine (9) months after the Parker action was filed, there are no concerns about "anticipatory filing," and this Court should apply the first-to-file rule and stay this action. Id. Additionally, Defendant argues that the balance of convenience factors are "inapplicable here because Electrolux seeks only to temporarily stay, and not to transfer, this action." Id. Defendant further argues that, nonetheless, "the balance of convenience factors would not justify departure from the first-to-file rule" in this case and notes that "because the Parker action has been pending for far longer than this action, it is likely that the judicial process will proceed more quickly in the Western District of Michigan." Id.

In response, Plaintiffs argue that the first-to-file rule does not support staying this action. (Document No. 31). At the threshold, Plaintiffs argue that the Court's analysis of Defendant's "Motion To Stay..." would be "premature" because "no classes have been certified" in either this

case or in Parker. Id. at 4 (citing Gibbs v. Haynes Invs., LLC, 368 F.Supp.3d 901, 915-16 (E.D.Va. 2019)). Plaintiffs contend that the "underlying factual allegations asserted by Plaintiffs Weaver and Anderson are not substantially similar to those brought by plaintiff Parker." Id. Plaintiffs assert that the claims in the Complaint include "extensive, additional allegations not in the operative *Parker* Complaint." Id. at 5-6.

Plaintiffs further argue that, even if this Court does find that the first-to-file rule applies in this case, "it should nonetheless deny Electrolux's Motion to Stay because [special] circumstances exist here—namely, that neither case has progressed further than the other." (Document No. 31, p. 6). Plaintiffs argue that the motions to dismiss in this case and in Parker are fully briefed and because plaintiff Parker has a "pending Motion to Certify Questions to the Michigan Supreme Court," this action "may very well advance past *Parker*." Id.

Finally, Plaintiffs contend that because Electrolux chose to file its "...Motion To Dismiss..." in this case before it filed its "Motion To Stay...," it has "required Plaintiffs to engage in extensive motion practice such that staying this matter now in favor of *Parker* would be uneconomical, prejudicial to Plaintiffs, relieve no purported hardship suffered by Electrolux and reward gamesmanship." Id. at 7.

In its reply, Defendant argues that the first-to-file rule clearly applies. (Document No. 32, pp. 2-6). Defendant first contends that the fact that the classes in this case and in Parker have not yet been certified does not make its motion to stay premature. Id. at 3-5 (citing Farina, 2023 WL 4241675, at * 4-5). Defendant further argues that Plaintiffs' reliance on Gibbs v. Haynes Invs., LLC for this point is misplaced because in Gibbs, unlike here, "the parties in the two suits did not sufficiently overlap." Id. at 4.

9

Case 3:23-cv-00560-RJC-DCK   Document 33   Filed 08/30/24   Page 9 of 15

Defendant also argues that the issues in this case are substantially similar to the issues in Parker, such that this case falls within the purview of the first-to-file rule because the Complaint merely alleges an additional quantity of allegations, but "substantively," the allegations in the Complaint and the Parker Amended Complaint "are the same." Id. at 6. Defendant contends that the "*facts* underlying the two actions" are the same. Id.

The undersigned finds Defendant's arguments and legal authority most persuasive. In particular, the undersigned finds this Court's recent decision in Farina to be instructive. See Farina, 3:23-CV-050-MOC-SCR, 2023 WL 4241675 (W.D.N.C. June 28, 2023). As noted by Judge Cogburn in Farina, the Fourth Circuit has "recognized" the "well-established 'first-to-file' rule." Id. at *4 (citing U.S. Airways, Inc. v. U.S. Airline Pilots Ass'n, No. 3:11-CV-371-RJC-DCK, 2011 WL 3627698, at *1 (W.D.N.C. Aug. 17, 2011)); see also Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594-95 (4th Cir. 2004) ("[T]he first suit should have priority, absent the showing of a balance of convenience in favor of the second action.").

Generally, under the first-to-file rule, "when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd., No. 3:20-CV-130-GCM, 2021 WL 1936253, at *2 (W.D.N.C. May 13, 2021) (quoting Allied-Gen. Nuclear Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 (4th Cir. 1982)). "Under the first-to-file rule, a district court may dismiss, stay, or transfer a suit when a similar lawsuit has been filed and is pending in a federal forum." Farina, 2023 WL 4241675, at *4 (citing Troche v. Bimbo Foods Bakeries Dist., Inc., No. 3:11-CV-234-RJC-DSC, 2011 WL 3565054, at *3 (W.D.N.C. Aug. 12, 2011)) ("If the first-filed rule applies, a district court must dismiss, stay, or transfer a later-filed lawsuit in deference to the earlier action.").

"The decision of whether to invoke the first-to-file rule is discretionary and made on a case-by-case basis." Celgard, 2021 WL 1936235, at *2 (citing Nutrition & Fitness v. Blue Stuff, Inc., 3:02-CV-237-GCM, 264 F.Supp.2d 357, 360 (W.D.N.C. 2003). "Fourth Circuit courts apply a two-step inquiry to determine if the first-to-file rule applies." Id., at *4. "First, courts determine if the actions are sufficiently similar . . . looking to three factors: (1) the chronology of the filings; (2) the similarity of the parties; and (3) the similarity of the issues at stake." Id. (citing Nutrition & Fitness, 264 F.Supp.2d at 360). Second, if a court finds that an action falls within the purview of the first-to-file rule, it will then determine if an exception to the rule applies. A court may decline to apply the first-to-file rule if "the balance of convenience" weighs in favor of the second forum. Volvo, 386 F.3d at 595.

The undersigned first notes that the court in Njaastad "stay[ed that] case in light of a pending class action about the same subject matter in another federal district" (Parker). Regarding the first prong of the Fourth Circuit's first-to-file test, the chronology of the filings, the Parker case was filed around nine (9) months before this action. See Parker, No. 1:22-CV-1177-PLM-SJB (W.D. Mich. Dec. 9, 2022).

Regarding the Fourth Circuit's second prong, the similarity of the parties, the undersigned notes that "[c]ourts agree that the first-to-file rule does not require an exact match between the identities of the parties," but only requires "substantial similarity." Farina, 2023 WL 4241675, at *5 (citing Blackwell v. Midland Credit Mgmt., Inc., 2018 WL 4963166, at *3 (Oct. 15, 2018 D.S.C.)). Other district courts in the Fourth Circuit have noted that "in the context of a class action, the classes, and not the class representatives are compared." Blackwell, 2018 WL 4963166, at *3 (internal quotation marks omitted) (citing Walker v. Serv. Corp. Int'l, 2011 WL 1370575, at *9 (W.D.Va. April 12, 2011)). Here, the undersigned finds substantial similarity between the parties.

This Court and "other Fourth Circuit district courts have recognized that the first-to-file rule is particularly appropriate in the context of competing pre-certification class actions . . . which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." Farina, 2023 WL 4241675, at *4 (internal quotation marks omitted) (citing Troche, 2011 WL 3565054, at *2); Ortiz v. Panera Bread Co., 2011 WL 3353432, at *2 (E.D.Va. Aug 2, 2011); Blackwell, 2018 WL 4963166, at *4 ("the fact that the [first-filed] action has yet to be certified weighs in favor of the application of the first to file rule, as it prevents duplicative attempts at certification of the same putative class"). The undersigned agrees with the weight of authority in this Circuit, which holds that the application of the first-to-file rule is not premature when the classes have not yet been certified. Because the putative classes in this case are entirely subsumed by the putative classes in the Parker action, the undersigned finds that the parties substantially overlap. See Blackwell, 2018 WL 4963166, at *3.

Regarding the third prong, the similarity of issues, the undersigned finds that this factor also weighs in favor of the application of the first-to-file rule. Like the similarity of parties prong, the similarity of issues prong "does not require total identicality; rather, 'substantial similarity' is enough, with courts looking to the underlying facts that give rise to the claims." Farina, 2023 WL 4241675, at *5 (quoting Troche, 2011 WL 3565054, at *3). "Multiple lawsuits are subject to the first-filed rule if 'the same factual issues' provide the basis for each suit." U.S. Airways, 2011 WL 3627698, at *1 (quoting Allied-Gen. Nuclear v. Commonwealth Edison, Co., 675 F.2d 610, 611 (4th Cir. 1982)). Further, courts "consistently hold[] that the presence of additional but related state-law claims does not defeat application of the first-to-file rule." Farina, 2023 WL 4241675, at *5 (citing Troche, 2011 WL 3565054, at *3) (recognizing that "presence of additional but related state law claims does not mean that the cases are so dissimilar as to avoid the application of the

first-filed rule"); see also Family Dollar Stores v. Overseas Direct Imp. Co., Ltd., 3:10-CV-278-RLV-DSC, 2011 WL 148264, at *2 (W.D.N.C. Jan. 2011).

The undersigned finds that the facts which underlie Plaintiffs' claims in this case and the facts which underlie the claims in Parker are substantially similar. This Complaint alleges the same Defect as the Parker Amended Complaint, (Document No. 1, p. 1), (Document No. 30-4, p. 2), and the same warranty, which "provides that Electrolux warrants against defects in materials and workmanship for one year." (Document No. 1, p. 4), (Document No. 30-4, p. 6). Plaintiffs here and in Parker both bring claims for violations of the Magnuson-Moss Warranty Act, fraud by omission, breach of express warranty, breach of implied warranty, and unjust enrichment. (Document No. 1), (Document No. 30-4).

The primary distinction between this Complaint and the Parker Amended Complaint is that this Complaint brings additional consumer protection claims under North Carolina and Indiana state laws, while the Parker Amended Complaint brings an additional consumer protection claim under Michigan law. Id. The presence of additional, but related state law claims does not make the issues in this action significantly different, such that the first-to-file rule does not apply in this case. See Farina, 2023 WL 4241675, at *5.

Finally, having found that the first-to-file rule applies, the undersigned considers if any exceptions bar its application in this case. Regarding the "balance of convenience" exception, the undersigned again notes that the putative class in this case is entirely subsumed by the putative class in the first-filed Parker action. The undersigned agrees with the court in Njaastad that a stay in this case will reduce the burden of duplicative litigation on the courts and on both parties. See (Document No. 30-2). Also, the record does not suggest that there are any applicable "other special circumstances" exception such as "forum shopping, anticipatory filing, bad faith filing, or filing

in the midst of settlement negotiations" that would warrant a departure from the first-to-file rule in this case. Farina, 2023 WL 4241675, at *6 (citing Cree, Inc., 2020 WL 7043868).

Because the undersigned finds that the first-to-file rule applies, and that no exceptions apply in this case, the undersigned will respectfully recommend that Defendant's "Motion To Stay Under The 'First-To-File' Rule" be granted. The undersigned will also recommend that the parties be required to submit joint status reports regarding the Parker case.

### B. Motion to Dismiss

Based on the foregoing, the undersigned finds that "Defendant's Motion To Dismiss...." (Document No. 20) should be denied without prejudice. See Njaastad, No. 1:23-CV-03291 (N.D.Ill Jan. 9, 2024), ECF No. 37. ("In light of the stay, and for administrative purposes, Defendant's motion to dismiss . . . is hereby denied without prejudice."). Like Njaastad, since this case should be stayed, the undersigned will further recommend that "Defendant's Motion To Dismiss...." be denied, without prejudice to Defendant filing a renewed motion to dismiss, if appropriate, at a later date.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Stay Under The 'First-To-File' Rule" (Document No. 29) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that "Defendant's Motion To Dismiss Under Rule 12(b)(6)" (Document No. 20) be **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the parties be required to submit Joint Status Reports on **December 1, 2024**, and **every ninety (90) days** thereafter, until the stay of this case is lifted.

## IV. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of the same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 30, 2024

David C. Keesler
United States Magistrate Judge